IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00758-BNB

CLAIR LLOYD BEAZER,

       Applicant,

v.

WARDEN SUSAN JONES, Colorado State Penitentiary, and
JOHN SUTHERS, Attorney General of the State of Colorado,

       Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 2 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Clair Lloyd Beazer is a prisoner in the custody of the Colorado

Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado.

Mr. Beazer initiated this action by filing *pro se* an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Mr. Beazer is challenging the validity of his conviction in

Park County District Court case number 03CR25.

In an order filed on April 8, 2009, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court

remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both

of those affirmative defenses in this action. On May 11, 2009, Respondents filed their

Pre-Answer Response. Mr. Beazer was provided an opportunity to file a reply to the

Pre-Answer Response but he has not done so.

The Court must construe the application liberally because Mr. Beazer is not
represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall
v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be
an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated
below, the Court will dismiss the application in part.

Mr. Beazer was convicted of second degree assault following a jury trial and he
was sentenced to ten years in prison. The judgment of conviction was affirmed on
direct appeal. *See People v. Beazer*, No. 04CA2117 (Colo. Ct. App. Feb. 15, 2007).
On October 29, 2007, the Colorado Supreme Court denied Mr. Beazer's petition for writ
of certiorari on direct appeal. On February 22, 2008, Mr. Beazer filed in the trial court a
postconviction motion for sentence reconsideration. On May 5, 2008, the trial court
granted the motion and reduced Mr. Beazer's sentence to nine years in prison.

Mr. Beazer filed the instant action on April 3, 2009, asserting four claims for
relief. Those four claims are the following:

(1)     The trial court violated his right to due process by failing to impose an
        effective sanction for the prosecution's violation of the rules of discovery
        and its failure to provide potentially exculpatory evidence.

(2)     The prosecution's loss of potentially exculpatory evidence violated his
        right to due process.

(3)     The trial court violated his right to due process by refusing to instruct the
        jury on provocation.

(4)     The trial court erred in admitting improper expert opinion testimony.

Respondents do not argue that this action is barred by the one-year limitation
period in 28 U.S.C. § 2244(d). Respondents also concede that Mr. Beazer's first and

2

second claims for relief are exhausted.  However, Respondents contend that Mr.

Beazer's third and fourth claims for relief should be dismissed because those claims

are unexhausted and procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

federal issue be presented properly "to the highest state court, either by direct review of

the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, "the substance of a federal habeas corpus claim" must have been

presented to the state courts in order to satisfy the fair presentation requirement.

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d

1250, 1252 (10th Cir. 1989).  Fair presentation does not require a habeas corpus

petitioner to cite "book and verse on the federal constitution."  *Picard*, 404 U.S. at 278

(internal quotation marks omitted).  However, "[i]t is not enough that all the facts

necessary to support the federal claim were before the state courts."  *Anderson v.*

*Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal

constitutional claim in the state court proceedings in order to be exhausted.  *See*

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly."

*Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing

a federal habeas corpus action bears the burden of showing that he has exhausted all

available state remedies before seeking federal relief. *See Miranda v. Cooper*, 967

F.2d 392, 398 (10th Cir. 1992).

As noted above, Respondents assert only that Mr. Beazer failed to exhaust state

remedies for claims three and four. Respondents specifically argue that Mr. Beazer

failed to exhaust state remedies for claims three and four because neither claim was

raised on direct appeal as a federal constitutional claim. Although Respondents

concede that Mr. Beazer asserted claim three on direct appeal as a violation of due

process, Respondents contend that Mr. Beazer's references to a denial of due process

were insufficient to apprise the state courts that he was raising a federal constitutional

claim because he relied on state law decisions in support of his claim. With respect to

Mr. Beazer's claim four, Respondents assert that the claim is not presented to this

Court as a federal constitutional claim and, in any event, Mr. Beazer did not present it to

the state courts on direct appeal as a federal constitutional claim. Construing the

application liberally, the Court will assume that Mr. Beazer is raising claim four as a

federal constitutional claim in this action.

The Court has reviewed Mr. Beazer's opening brief on direct appeal and finds

that Mr. Beazer failed to raise either claim three or claim four as a federal constitutional

claim. Mr. Beazer did not make any argument in his opening brief on direct appeal that

could be construed as a federal constitutional argument with respect to claim four. With

4

respect to claim three, the Court finds that Mr. Beazer's references to due process in

his opening brief on direct appeal did not satisfy the fair presentation requirement for

the simple reason that he did not explicitly connect those references to a claim under

federal law.  He did not cite the federal Constitution, he did not cite any federal case

law, and he did not label the claim a "federal" claim.  *See Baldwin v. Reese*, 541 U.S.

27, 32-33 (2004).  The fact that Mr. Beazer specifically referred to the Due Process

Clause of the Fourteenth Amendment and federal case law in connection with another

claim in the same opening brief also undercuts any argument that a brief reference to

due process satisfies the fair presentation requirement.  *See id.* at 33.  Therefore, the

Court finds that Mr. Beazer failed to exhaust state remedies for either claim three or

claim four.

Although Mr. Beazer failed to exhaust claims three and four, the Court may not

dismiss those claims for failure to exhaust if Mr. Beazer no longer has an adequate and

effective state remedy available to him.  *See Castille*, 489 U.S. at 351.  The Colorado

Rules of Criminal Procedure prohibit successive postconviction Rule 35 motions with

limited exceptions that are not applicable to the claims Mr. Beazer failed to exhaust.

*See* Colo. R. Crim. P. 35(c)(3)(VII); *see also People v. Bastardo*, 646 P.2d 382, 383

(Colo. 1982) (stating that postconviction review is not available to address under a

recently contrived constitutional theory issues that were raised previously).  Therefore,

the Court finds that claims three and four are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted

in state court on an independent and adequate state procedural ground, unless the

default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Beazer's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Beazer fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider claims three and four will result in a fundamental miscarriage of justice. Therefore, the Court finds that claims three and four are procedurally barred and must be dismissed.

In summary, Respondents do not argue that this action is untimely or that claims one and two are unexhausted. Claims three and four will be dismissed as procedurally barred. Therefore, upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that claims three and four in the application filed on April 3, 2009, are dismissed as procedurally barred. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __1__ day of _____July_____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00758-BNB

Clair Lloyd Beazer
Prisoner No. 49801
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on____7/2/09____

GREGORY C. LANGHAM, CLERK

By:_____
                Deputy Clerk