# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 09-cv-00758-REB-CBS

CLAIR LLOYD BEAZER,

    Applicant,

v.

WARDEN SUSAN JONES OF COLORADO STATE PENITENTIARY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,

    Respondents.

## ORDER DENYING MOTION TO REINSTATE

**Blackburn, J.**

    This matter is before me on the applicant's **Motion To Reinstate** [#17][1] filed July 31, 2009. I read the motion as a motion to reconsider the court's order [#11] filed July 2, 2009. The motion is denied.

    The court's July 2, 2009, order [#11] directs, *inter alia*, that claims three and four in the application be dismissed as procedurally defaulted. The reasons for the dismissal of claims three and four are detailed in the order. In his present motion [#17], the applicant asks that claims three and four be reinstated.

    I note that the applicant, Clair Lloyd Beazer, has acted *pro se* throughout this case. Because the applicant is proceeding *pro se*, I have reviewed all of his pleadings and papers, including the motion at issue here, more liberally than pleadings or papers

---

[1] "[#17]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

filed by attorneys. *See, e.g.*, **Erickson v. Pardus**, 551 U.S. 89, ___,127 S.Ct. 2197, 2200 (2007); **Haines v. Kerner,** 404 U.S. 519, 520-21 (1972); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Belmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).

The applicant does not substantiate in his motion any of the three usual bases for reconsideration of an order, which are (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. **Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). A motion for reconsideration is not appropriate when the movant seeks to revisit issues that have been addressed already or to advance arguments that could have been raised in prior briefing. *Id*. Absent some valid basis on which I should reconsider the court's order [#17], I conclude that the applicant's motion to reconsider must be denied.

**THEREFORE, IT IS ORDERED** that the applicant's **Motion To Reinstate** [#17] filed July 31, 2009, is **DENIED**.

Dated August 19, 2009, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackbum
United States District Judge

2